UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER PATE,

               Plaintiff,

      v.

THE CITY OF ROCHESTER, *a municipal entity*, POLICE OFFICER COLLINS, POLICE OFFICER MICHAEL DIMAURO, POLICE OFFICER SPENCER McAVOY, FORMER POLICE OFFICER MICHAEL SIPPEL, POLICE OFFICER DEREK STERLING, POLICE OFFICER MARC SUTTON, SERGEANT ERIC WEIGEL, and OTHER UNIDENTIFIED MEMBERS OF THE ROCHESTER POLICE DEPARTMENT,

               Defendants.
_____

**DECISION AND ORDER**

6:19-CV-6691-EAW-MWP

## **INTRODUCTION**

Plaintiff Christopher Pate ("Plaintiff") commenced this action on August 5, 2019, in New York State Supreme Court, Monroe County, seeking damages against Police Officer Michael Collins, Police Officer Michael Dimauro, Police Officer Spencer McAvoy ("McAvoy"), former Police Officer Michael Sippel ("Sippel"), Police Officer Derek Sterling, Police Officer Marc Sutton, Sergeant Eric Weigel, other unidentified members of the Rochester Police Department ("RPD"), and the City of Rochester (the "City," collectively "Defendants"), arising from the alleged wrongful arrest of Plaintiff on May 5, 2018. (Dkt. 1). Currently pending before the Court is Plaintiff's motion seeking remand

to Supreme Court, Monroe County. (Dkt. 19). The City filed a response on behalf of itself and the police officers except Sippel and McAvoy, who have not appeared in this matter. (Dkt. 3). Plaintiff filed a reply on June 18, 2021. (Dkt. 23).

For the reasons set forth below, Plaintiff's motion to remand is denied. In addition, Plaintiff is ordered to file an affidavit within 14 days showing that he has served McAvoy and Sippel or setting forth good cause for his failure to do so, or the Court will dismiss Plaintiff's claims against these defendants without prejudice.

## PROCEDURAL BACKGROUND

On August 5, 2019, Plaintiff filed the instant action in Supreme Court, Monroe County, alleging false arrest, false imprisonment; violation of Plaintiff's right to be free from unreasonable search and seizure pursuant to the Fourth Amendment and 42 U.S.C. § 1983; assault; battery; excessive force in violation of the Fourth Amendment; malicious prosecution under New York state law; malicious prosecution under 42 U.S.C. § 1983; supervisory liability under 42 U.S.C. §1983; negligent screening and hiring under New York state law; municipal liability for hiring and vetting of officers pursuant to *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978); negligent training, supervision, and retention; and municipal liability for filing defective charges. (Dkt. 1 at ¶ 1; Dkt. 2 at 28-41). Plaintiff delivered the summons and complaint to the City's Law Department ("Law Department") on or about August 22, 2019.[1] (Dkt. 1 at ¶ 2; *see* Dkt. 2-1 at 1).

---

[1] Although the notice of removal states that the summons and complaint were served on the City's Law Department on "August 22, 2018," the copy of the summons filed as an

On September 18, 2019, the City filed a notice of removal to this Court contending that Plaintiff's causes of action pressed under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 raise questions of federal law warranting removal to this Court pursuant to 28 U.S.C. §1441(c). (Dkt. 1 at ¶¶ 5-6). The City filed its answer on October 22, 2019, noting that the City does not represent Sippel or McAvoy. (Dkt. 3).

On November 5, 2019, the matter was assigned to United States Magistrate Judge Marian W. Payson for all pretrial matters excluding dispositive motions. (Dkt. 4). Numerous scheduling orders were entered by Judge Payson as the parties litigated the matter. (*See* Dkt. 6; Dkt. 11; Dkt. 14; Dkt. 17). Then, almost two years after the case was removed to this Court, by letter dated May 13, 2021, Plaintiff requested that Judge Payson extend several discovery deadlines and set motions for remand as due on May 19, 2021. (Dkt. 18). The letter indicates that the dates had been discussed with defense counsel, but it does not indicate that there was any type of stipulation to extend the deadline for a remand motion nor does it brief the issue of ability for a court to do so. (*Id.*).

Plaintiff filed the instant motion for remand on May 19, 2021, contending that the City failed to satisfy the requirement set forth in 28 U.S.C. § 1446(b) that "all defendants who have been properly joined and served must join in or consent to the removal of the

---

exhibit to the notice of removal bears a Law Department date stamp reading "2019 AUG 21" (Dkt. 2-1 at 1). The notice of removal also states that it was "filed within 30 days of the service of the named Defendants' [sic] of the Summons and Complaint." (Dkt. 1 at ¶ 7). The notice of removal was filed on September 18, 2019. (Dkt. 1). For the purpose of calculating filing deadlines, the Court will construe "August 22, 2018" as a typographical error and will treat the date of service upon the Law Department as August 22, 2019, noting that the single-day difference between August 21 and August 22 of 2019 does not alter the Court's analysis.

action." (*See* Dkt. 19-5 at 4). Plaintiff argues that because McAvoy was an RPD officer at the time the summons and complaint were delivered to the Law Department, McAvoy was properly served. (*Id.*) However, Plaintiff argues, the City sought removal without obtaining McAvoy's or Sippel's consent as required by statute. (*Id.*). Therefore, Plaintiff contends, each officer must individually consent to removal—including McAvoy. (*Id.* at 4-5).

The City responded that removal is proper because no defendant other than the City has been served or joined. (Dkt. 22 at ¶ 9). The City contends that McAvoy and Sippel are no longer employed by RPD, and the City does not represent them. (*Id.* at ¶ 6). As such, service on the City does not constitute service on Sippel or McAvoy. (See *id.* at ¶ 9). The City further contends that Plaintiff's motion to remand is untimely because it was filed more than 30 days from the filing of the notice of removal. (*Id.* at ¶ 12 (citing 28 U.S.C. 1447(c))). The City also argues that service "is not complete . . . on the proper City Defendants"[2] because Plaintiff failed to file proof of service with the Clerk of Court as required by New York Civil Practice Law and Rules ("CPLR") 308(2). (*Id.* at ¶ 21).

In his reply, Plaintiff argues that service upon a governmental subdivision is executed pursuant to CPLR 311. (Dkt. 23 at 3-4). Because McAvoy was employed by RPD at the time the summons and complaint were delivered to the Law Department, Plaintiff has properly effected service on all defendants except Sippel through service upon

---

[2]  The City refers to "City Defendants" as excluding Sippel and McAvoy but does not otherwise define "City Defendants." (*See* Dkt. 22 at ¶ 1). The Court construes "City Defendants" to refer to the City and the police officer Defendants other than Sippel and McAvoy.

- 4 -

the City pursuant to CPLR 311. (*See* Dkt. 23 at 3-4). Plaintiff also argues that the City is obligated to represent McAvoy because McAvoy is party to a collective bargaining agreement suggesting the City would represent McAvoy, and the City did not disclaim its representation of McAvoy until the City filed the notice of removal. (*Id.* at 2-3).

## DISCUSSION

### I. Motion for Remand

#### A. Legal Standard

28 U.S.C. § 1447(c) authorizes federal courts to remand a case "on the basis of any defect in removal procedure" or because "the district court lacks subject matter jurisdiction." *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994). "In a case removed to federal court from state court, the removal statute is to be interpreted narrowly, and the burden is on the removing party to show that subject matter jurisdiction exists and that removal was timely and proper." *Winter v. Novartis Pharm. Corp.*, 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014) (citing *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269 (2d Cir. 1994)). A court will "generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed." *Vera v. Saks & Co.*, 335 F.3d 109, 119 n.2 (2d Cir. 2003).

"[O]n a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.,* 612 F.2d 651, 655 (2d Cir. 1979) ("[T]he burden falls squarely upon the removing party to establish its right to a federal forum by competent proof." (citation

omitted))); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."). Moreover, "the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise," *Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000), and "any doubts as to removability should be resolved in favor of remand," *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001).

B. **Timeliness of Plaintiff's Motion for Remand**

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Plaintiff does not challenge the Court's subject matter jurisdiction. Rather, he argues that the City has not properly obtained the consent of all defendants as required by 28 U.S.C. § 1446(b)(2). (Dkt. 19-5 at 4-5). The City contends, *inter alia*, that Plaintiff's motion to remand is "grossly untimely" because the City filed its notice of removal on September 18, 2019, and Plaintiff filed his motion to remand on May 19, 2021– some 20 months after removal and well beyond the 30-day deadline for motions to remand set by 28 U.S.C. § 1447(c). (*See* Dkt. 22 at ¶¶ 12, 17).

Plaintiff concedes in his reply that the motion is untimely pursuant to 28 U.S.C. § 1447(c). (Dkt. 23 at 4). Plaintiff argues that the parties agreed to set a deadline for motions to remand on May 19, 2021, which Judge Payson granted by letter order on May 17, 2021. (*Id.*). The parties did not submit briefing to Judge Payson addressing the court's authority to extend the 30-day deadline in connection with Plaintiff's letter request, and as

- 6 -

noted above, the letter requesting that extension simply indicated that Plaintiff's counsel had "discussed" the deadline with defense counsel. (Dkt. 18).

The Second Circuit has held that the deadline set forth in 28 U.S.C. § 1447(c) "is plainly mandatory[,]" *Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 75 (2d Cir. 2005), and thus "[u]nder [1447(c)], all motions for remand—except those based on lack of subject matter jurisdiction—must be made within 30 days after removal or they are waived[,]" *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (per curiam). In *Phoenix Global Ventures*, the Circuit permitted a district court to recognize as timely a motion for remand filed but rejected twice on the thirtieth day after the notice of removal due to noncompliance with the electronic filing system requirements. 422 F.3d at 75. The Court held that the district court did not abuse its discretion in deeming the motion "made" when it was originally filed—on the thirtieth day after filing of the notice of removal—even though the filing was rejected. *Id.* In so holding, the Circuit noted the lack of "statutory language that purports to limit the court's power to consider an overdue motion." *Id.* at 75. However, the Circuit emphasized that it was not "carving out an exception to the mandatory deadline of Section 1447." *Id.* at 76.

Despite the Second Circuit's language that the 30-day deadline set forth in § 1447(c) is mandatory, district courts in this Circuit have considered motions for remand filed outside the 30-day deadline. A court in this District concluded that because the Second Circuit has held that § 1447(c) is not jurisdictional, it must be a mandatory claims processing rule that can be waived by the parties by stipulation. *See Radium2 Capital, Inc. v. NDGS, LLC*, 19-CV-286, 2019 WL 3821755, at *2 (W.D.N.Y. Aug. 15, 2019)

(considering a motion for remand filed one week after the 30-day deadline based on parties' stipulation that the plaintiff may "seek to remand the action to the State Court" only after May 15, 2019).  Another court in this Circuit held that where a plaintiff sought and was granted an extension before the 30-day filing period elapsed, a motion for remand was timely and did not prejudice the defendant.  *Harleysville Worcester Ins. Co. v. Sompo Japan Ins. Co. of Am.*, 21-CV-150 (JPO), 2021 WL 5154130, at *2 (S.D.N.Y. Nov. 5, 2021).  By contrast, another court in this Circuit considered without deciding "whether [a court] is empowered to extend the statutory time limitation [set by 28 U.S.C. § 1447(c)] for good cause shown[,]" reasoning that "[g]iven the mandatory language of the statute, that question would appear to be answered in the negative."  *Ajibola v. Sabena Belgium Airline*, No. 95 CIV. 2479 (CSH), 1995 WL 390134, at *1 (S.D.N.Y. July 3, 1995) (finding that good cause to merit extension of the deadline had not been shown).

    Several courts of appeals in other circuits have expressly held that courts may not consider untimely motions for remand.  *See, e.g.*, *Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 F. App'x 752, 756 (10th Cir. 2004) (vacating district court's remand order based on untimeliness of motion for remand); *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 613 (3d Cir. 2003) ("[§ 1447(c)] is clear that, if based on a defect other than jurisdiction, remand may only be effected by a timely motion"); *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516-517 (6th Cir. 2003) ("[T]echnical defects in the removal procedure, such as a breach of the rule of unanimity, . . . must be raised by a party within thirty days of removal or they are waived." (citation omitted)).

Other federal courts have considered whether § 1447(c) permits extension of the 30-day deadline, concluding that the deadline cannot be extended. *See Dreyer v. Swift Transp. Co. of Ariz., LLC*, No. 4:19-CV-1859 CAS, 2019 WL 3322976, at *2 (E.D. Mo. July 24, 2019) ("[Section 1447(c)] is strictly construed and the Court lacks the authority to extend the time for plaintiff to file a motion to remand asserting a procedural defect in the removal."); *City of Asbury Park v. Star Ins. Co.*, No. CV 17-5059-BRM-LHG, 2018 WL 1469056, at *4 (D.N.J. Mar. 26, 2018) ("Section 1447 explicitly requires motions for remand 'be made within 30 days after the *filing* of the notice of removal,' . . . and the Court has no discretion with respect to that time limit." (emphasis in original) (citations omitted)); *Brown v. Modell's PA II, Inc.*, Civil Action No. 08-1528, 2008 WL 2600253, at *3 (E.D. Pa. July 1, 2008) (denying plaintiffs' motion to remand filed 31 days after removal); *but see Sharp BancSystems, Inc. v. First Nat'l Bank*, 4:12-CV-285-Y, 2012 WL 13027081, at *1-2 (N.D. Tex. July 30, 2012) (collecting cases holding that a forum selection clause is not a "defect" within the meaning of § 1447(c), and the 30-day deadline does not apply to removal challenges based on forum selection clauses). Although in exceedingly rare cases, courts have excused strict compliance with the 30-day restriction on motions for removal, federal courts overwhelmingly hold that untimely motions for remand may not be considered and any arguments challenging defects in removal procedure are waived if not timely asserted.

Plaintiff represents that the City consented to the deadline for remand of May 19, 2021. (Dkt. 23 at 4-5). However, any such consent is far from clear, and the City opposes the motion for remand based on its untimeliness. (Dkt. 22 at ¶¶ 12, 17). Even if consent

- 9 -

to extend the deadline for motions to remand were clear, the plain language of § 1447(c) and the Second Circuit's construction of the statute indicate that, by failing to file a motion for remand within 30 days of filing of the notice of removal, Plaintiff has waived any procedural challenges to removal. *See Phoenix Glob. Ventures*, 422 F.3d at 75. The Court does not have the authority to extend the deadline under these facts. *See Ajibola,* 1995 WL 390134, at *1.

And even if it did have the authority to grant an extension, it would decline to do so given the 20 months that has elapsed since the notice of removal was filed. In other words, Plaintiff has failed to show that good cause should excuse his untimely motion. Plaintiff's counsel asserts in his letter request dated May 13, 2021, only that "the City removed the proceeding to Federal Court without first obtaining the consent of all the parties, and I believe there are questions regarding whether it was properly removed." (Dkt. 18 at 1). The argument set forth in Plaintiff's reply is substantially identical. (Dkt. 23 at 4-5). Challenging the unanimity of removal is precisely the type of challenge that must be raised within the 30 days mandated by § 1447(c), *see, e.g.*, *Loftis*, 342 F.3d at 516-17, and Plaintiff has failed to set forth any facts or argument in his moving papers showing why he was unable to assert this challenge within the 30 days prescribed by statute.

In the few cases in this Circuit in which courts considered remand motions filed outside the 30-day limit, parties either relied on a stipulated deadline set before the statutory 30-day deadline passed, *see Radium2 Capital, Inc.*, 2019 WL 3821755, at *1, or sought an extension before the deadline passed, *see Harleysville Worcester Ins. Co.*, 2021 WL 5154130, at *2. In the instant case, Plaintiff allowed the deadline to pass, only arguing that

the unanimity of defendants was not obtained well over a year after the deadline for motions for remand had expired.

Because Plaintiff did not file a motion for remand within 30 days of the notice of removal, Plaintiff has waived all challenges to removal defects other than lack of subject matter jurisdiction. *See Phoenix Glob. Ventures*, 422 F.3d at 75. Such procedural challenges must be asserted with the requisite urgency dictated by statute in order to avoid protracted litigation surrounding the choice of forum. *See* 16 James Wm. Moore et al., Moore's Federal Practice § 107.151[1][d] (3d ed. 2018) ("[A]s indicated by the 30-day and one-year statutory periods for removal, and the 30-day statutory period for motions to remand, Congress wants the forum selection battle decided as soon as possible[.]"). Accordingly, Plaintiff's motion for remand is denied.

## II. Proper Service on City Defendants

In its response to Plaintiff's motion to remand, the City asserts that "service is not complete in this matter" on any defendants except the City because "Plaintiff's attorneys have not filed proof of service with the Clerk of Court" as required by CPLR 308(2). (Dkt. 22 at ¶¶ 9, 21). Although the City appears to assert this argument in support of the position that neither Sippel's nor McAvoy's consent was necessary for removal (*see id.*), the Court will not reach that issue, as Plaintiff's motion for remand was untimely, and Plaintiff has thereby waived his challenge to this defect. However, to the extent that the City argues that service against the officers it represents has not been properly effectuated, the Court will address the City's argument only in so far as it is necessary to dismiss it as untimely raised.

In response to the City's position, Plaintiff contends that CPLR 311 governs service in this matter because the City represents several of the officers named as defendants. (Dkt. 23 at 3-4). As such, Plaintiff argues, service was properly effectuated by delivering the summons and complaint "to the mayor, comptroller, treasurer, counsel or clerk; or, if the city lacks such officers, to an officer performing a corresponding function under another name." (*Id.* (citing CPLR 311(a)(3))).

In its answer, the City did not challenge service of process on itself or the officers it represents, and it did not file any motion pursuant to Federal Rule of Civil Procedure 12(b) to challenge service of process. Challenges to service of process are properly brought as a motion or stated as a defense pursuant to Federal Rule of Civil Procedure 12(b)(4) for insufficient process or 12(b)(5) for insufficient service of process. *See Shuford v. City of N.Y.*, 17-cv-6349(EK)(SJB), 2020 WL 3129262, at *1 (E.D.N.Y. June 12, 2020) ("Rule 12(h) of the Federal Rules of Civil Procedure requires that an insufficient-service-of-process defense be made either in an answer or a pre-answer motion." (citing Fed. R. Civ. P. 12(b)); *DiFillipo v. Special Metals Corp.*, 299 F.R.D. 348, 353-54 (N.D.N.Y. 2014) ("Objections to sufficiency of process under Fed. R. Civ. P. 12(b)(4) must identify substantive deficiencies in the summons, complaint or accompanying documentation." (citation omitted)). Federal Rule of Civil Procedure 12(h) states, in relevant part, that "[a] party waives any defense listed in Rule 12(b)(2)–(5) by: . . . (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." The City asserts its challenge in its opposition papers to Plaintiff's motion to remand, filed on June 11, 2021—more than 20

months after such a defense should have been presented in the answer or by motion. *See* Fed. R. Civ. P. 12(b); Fed. R. Civ. P. 81(c)(2). As such, the relief the City appears to seek follows neither the form nor timing requirements set forth in the Federal Rules of Civil Procedure. Even if the City had timely asserted challenges pursuant to Rules 12(b)(4) or 12(b)(5), "[t]hose rules countenance dismissal of a complaint for 'insufficient process' and 'insufficient service of process,' but not for failure to file proof of service." *In re LIBOR-Based Antitrust Fin. Instruments Antitrust Litig.*, No. 11 MDL 2262(NRB), 2015 WL 6696407, *14 n.24 (S.D.N.Y. Nov. 3, 2015). "Failure to prove service does not affect the validity of service," and the Court "may permit proof of service to be amended." Fed. R. Civ. P. 4(l)(3).

Because the City failed to timely challenge service of process pursuant to Rule 12(b), it has waived its challenge. *See Shuford*, 2020 WL 3129262, at *1 ("Defendants waived their 12(b)(5) defense by failing to assert it either in an answer or a timely motion, as dictated by Rule 12(h)."). In the notice of removal, the City indicates that "copies of the Summons and Complaint were served on the City of Rochester's Law Department and on members of the [RPD]." (Dkt. 1 at ¶ 2). The City's Law Department has appeared in this matter and has failed to timely challenge service on behalf of the RPD officers it represents. As such, the City has waived such a challenge. *See Shuford*, 2020 WL 3129262, at *2; Fed. R. Civ. P. 12(h).

### III. <u>Service on McAvoy and Sippel</u>

As discussed above, the City contends that, based upon information and belief, service of process has not been effectuated on McAvoy or Sippel. (*See* Dkt. 22 at ¶ 19).

Although the City raised this issue in its opposition papers to Plaintiff's motion for remand, which is denied as untimely, the Court is nonetheless concerned that this action has been pending for more than two years and there is no indication in the record that service has been effectuated—or even attempted—on Sippel, and the record is unclear as to whether service has been effectuated on McAvoy.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See* Fed. R. Civ. P. 4(m). "[A] party must be given notice and an opportunity to show cause as to why the action should not be dismissed before a court *sua sponte* dismisses a complaint for failure to serve, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure." *Charles v. Cnty. of Nassau,* 116 F. Supp. 3d 107, 113 n.7 (E.D.N.Y. 2015) (citing *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012)); *see also Dicks v. Chow*, 382 F. App'x 28, 30 (2d Cir. 2010) (affirming *sua sponte* dismissal for failure to serve where "the claim was dismissed over a year after the filing of the amended complaint, the court provided notice that the unserved defendants would be dismissed, and [the plaintiff] has never asserted any good cause for his failure to effect service"). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiff contends that the summons and complaint were served on McAvoy and all other involved RPD officers employed by the City when the documents were delivered to the Law Department during the time that McAvoy was an officer because the City

represents "the officers involved in this case" pursuant to a collective bargaining agreement. (Dkt. 23 at 3-4). Plaintiff argues that service on the City was effectuated through delivery of the summons and complaint on the Law Department pursuant to CPLR 311. (Dkt. 23 at 4; *see* Dkt. 19-5 at 2-3). Plaintiff's counsel contacted counsel for the City to confirm that officers had received the summons and complaint. (*Id.*). Counsel for the City responded that delivery of multiple copies of the summons and complaint to the Law Department was "fine and effective for all of the officers" except Sippel. (Dkt. 19-2 at 1). Plaintiff does not argue that he has effectuated service upon Sippel. (*See* Dkt. 19-1; Dkt. 19-5; Dkt. 23).

The City contends that the representation that service was effective for all officers except Sippel was an attempt "to work with" Plaintiff's attorney "to effectuate service[,]" but counsel for the City cannot "instruct anyone when service is perfected or complete[.]" (Dkt. 22 at ¶ 20). As of the time the City filed its answer, McAvoy "[was] still an officer for the [RPD.]" (Dkt. 3 at ¶ 7). However, the City has stated that it represents neither Sippel nor McAvoy in its notice of removal and answer. (Dkt. 22 at ¶ 11a;[3] *see* Dkt. 1 at ¶ 10; Dkt. 3 at 1). Prior to filing the notice of removal, counsel for the City contacted the criminal defense attorneys for Sippel and McAvoy, who conveyed that neither officer had been served with a summons or complaint. (Dkt. 22 at ¶ 8).

---

[3]   The affirmation of John C. Campolieto (Dkt. 22) filed with the City's opposition papers contains two paragraphs numbered 11. The Court will refer to the first paragraph as 11a and the second as 11b.

There is no indication in the record that Sippel or McAvoy have been personally served or served at their usual places of abode with a summons or complaint.  *See* Fed. R. Civ. P. 4(e); CPLR 308(1), (2).  No affidavits of service have been filed with regard to any defendant.  *See* Fed. R. Civ. P. 4(l); CPLR 308(2).  Plaintiff has cited no authority supporting the proposition that suit on the City through the Law Department pursuant to CPLR 311 is sufficient to constitute service on individual officers.  Indeed, the plain text of CPLR 311 indicates only that the provision governs "[p]ersonal service upon a corporation or governmental subdivision."  CPLR 311.

There are insufficient facts before the Court to determine whether delivery of the summons and complaint to the Law Department constitutes delivery of the summons to a person of suitable age and discretion at McAvoy's actual place of business.  *See* CPLR 308(2); *see also Tieman v. City of Newburgh*, No. 13-CV-4178 (KMK), 2015 WL 1379652, at *7-8 (S.D.N.Y. March 26, 2015) (holding that service at city corporation counsel's office did not constitute service on individual officers at actual place of business pursuant to CPLR 308(2) based on facts presented).  Importantly, "[a] person's 'actual place of business' must be where the person is physically present with regularity, and that person must be shown to regularly transact business at that location."  *Tieman*, 2015 WL 1379652, at *7 (collecting cases) (citing *Selmani v. City of N.Y.*, 100 A.D.3d 861, 954 (2d Dep't 2012)).  Plaintiff has put forth no facts to support such a finding.

Although Plaintiff has not set forth sufficient facts or authority to support a finding that he has effectuated service on McAvoy, the Court must give Plaintiff an opportunity to show cause as to why his claims against McAvoy should not be dismissed for failure to

serve.  *See* Fed. R. Civ. P. 4(m); *Charles*, 116 F. Supp. 3d at 113 n.7.  Plaintiff must also show cause for failing to serve Sippel.  *See* Fed. R. Civ. P. (m).  If Plaintiff fails to establish good cause for failing to effect service on Sippel and McAvoy, the court must dismiss without prejudice Plaintiff's claims against these defendants.  *See* Fed. R. Civ. P. 4(m).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand (Dkt. 19) is denied.  Plaintiff must file an affidavit within 14 days showing that he has served McAvoy and Sippel or showing good cause for his failure to do so, or the Court will dismiss Plaintiff's claims against these defendants without prejudice.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  January 7, 2022
　　　　Rochester, New York