UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTOPHER PATE,

                    Plaintiff,                                **DECISION AND ORDER**

            v.                                                6:19-CV-06691 EAW

FORMER P.O. MICHAEL SIPPEL,

                    Defendant.

_____

## INTRODUCTION

Plaintiff Christopher Pate ("Plaintiff") commenced an action on August 5, 2019, alleging that defendant Former P.O. Michael Sippel ("Defendant") committed the tort of false arrest and false imprisonment under New York state law, violated Plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983 by conducting a warrantless arrest without probable cause, committed an assault and battery on Plaintiff, violated Plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983 by using excessive force, committed malicious prosecution under New York state law, and committed malicious prosecution under 42 U.S.C. § 1983.  (Dkt. 2-1).

Currently before the Court is Plaintiff's motion for default judgment.  (Dkt. 55).  For the reasons below, Plaintiff's motion is granted in part and denied in part.

## FACTUAL BACKGROUND

The following facts are taken from Plaintiff's complaint and are accepted as true given Defendant's default.  *See Cement & Concrete Workers Dist. Council Welfare Fund,*

*Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability. . . .").

On May 8, 2018, Defendant was working as an officer with the Rochester Police Department ("RPD"). (Dkt. 2-1 at ¶ 16). Defendant was traveling in a police vehicle with Officer Spenser McAvoy ("McAvoy") when they noticed Plaintiff walking alone. (*Id.* at ¶¶ 18-19). Defendant and McAvoy claimed that Plaintiff resembled James Barret, an individual wanted by the RPD. (*Id.* at ¶ 20).

McAvoy exited the vehicle and approached Plaintiff who was unarmed and not engaged in any criminal activity. (*Id.* at ¶¶ 22-25). McAvoy asked Plaintiff for identification, but Plaintiff at first refused. (*Id.* at ¶¶ 26-31). McAvoy ultimately grabbed Plaintiff who then provided identification. (*Id.* at ¶¶ 33-35). McAvoy walked back to the vehicle. (*Id.* at ¶ 36).

Defendant then began to follow Plaintiff. (*Id.* at ¶¶ 39-40). As he approached Plaintiff from behind, Defendant asked if Plaintiff had identification. (*Id.* at ¶ 43). Defendant grabbed Plaintiff and instructed him to put his hands behind his back. (*Id.* at ¶ 48). McAvoy and Defendant pulled Plaintiff down onto the concrete sidewalk. (*Id.* at ¶ 52). McAvoy and Defendant beat Plaintiff while he was restrained on the sidewalk. (*Id.* at ¶ 55). Defendant punched Plaintiff in the head and used both hands to hold Plaintiff's head against the sidewalk. (*Id.* at ¶¶ 56-57). Plaintiff did not fight back nor did he threaten to hit the officers. (*Id.* at ¶ 59). Defendant then shot Plaintiff with a taser. (*Id.* at ¶¶ 62-63). Plaintiff begged the officers to stop. (*Id.* at ¶¶ 61, 64, 69, 75, 82).

Plaintiff was eventually transported to a hospital.  (*Id.* at ¶ 137).  While on the hospital bed, officers remained in the room, made jokes about Plaintiff's attire and how deep the taser prongs embedded into his skin, and handcuffed him to the hospital bed at points.  (*Id.* at ¶¶ 138-39).

McAvoy filed an accusatory instrument and other paperwork against Plaintiff.  (*Id.* at ¶ 140).  McAvoy alleged that Plaintiff crossed the street outside of a crosswalk, impeding a vehicle's path.  (*Id.* at ¶ 143).

Plaintiff had to appear in Rochester City Court and was arraigned on the "false criminal charges."  (*Id.* at ¶¶ 147-48).  On June 19, 2018, a judge granted Plaintiff's motion to dismiss the charges.  (*Id.* at ¶¶ 150, 152, 154).

On May 28, 2019, Defendant was found guilty of Assault in the Third Degree in Rochester City Court for his actions during his interaction with Plaintiff.  (*Id.* at ¶¶ 180, 183).  At Defendant's trial, McAvoy testified that "he had not observed [Plaintiff] block any vehicular traffic on May 5, 2018," contradicting the accusatory instrument in which McAvoy claimed the allegations "were based on personal knowledge."  (*Id.* at ¶¶ 186-87).

## PROCEDURAL BACKGROUND

Plaintiff sued several defendants[1] on August 5, 2019.  (*See id.* at ¶¶ 225-343).  Defendant was personally served on December 4, 2019.  (Dkt. 29).  Defendant failed to file a responsive pleading, and the Clerk of Court entered a default against Defendant on February 28, 2023.  (Dkt. 37).

---

[1]     All other defendants were dismissed pursuant to a stipulation filed on January 31, 2024.  (Dkt. 47).

Plaintiff filed the instant motion for a default judgment on April 8, 2024. (Dkt. 55). The Court ordered Defendant to respond by May 6, 2024. (Dkt. 56). Plaintiff served a copy of the Court's Order and Plaintiff's motion papers on Defendant at his last known address. (Dkt. 57). Defendant failed to respond.

## DISCUSSION

### I.    Legal Standard

Federal Rule of Civil Procedure 55 sets forth the procedural steps for entry of a default judgment. First, a plaintiff must seek entry of default when a party against whom it seeks affirmative relief has failed to plead or defend in the action. Fed. R. Civ. P. 55(a). As noted above, Plaintiff obtained an entry of default. (Dkt. 37).

"Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *N.Y. v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also* Fed. R. Civ. P. 55(b). "[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability. . . ." *Cement & Concrete Workers*, 699 F.3d at 234 (quotation omitted); *see also Philip Morris USA Inc. v. 5 Brothers Grocery Corp.*, No. 13-CV-2451 (DLI)(SMG), 2014 WL 3887515, at *2 (E.D.N.Y. Aug. 5, 2014) ("Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability.").

"As the Second Circuit has noted, when determining whether to grant a default judgment, the Court is guided by the same factors which apply to a motion to set aside entry of a default." *Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258(JS)(AKT), 2014 WL 4638844, at *5 (E.D.N.Y. Sept. 16, 2014) (citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249

- 4 -

F.3d 167, 170-71 (2d Cir. 2001)).  The three factors are: (1) "whether the defendant's default was willful"; (2) "whether [the] defendant has a meritorious defense to plaintiff's claims"; and (3) "the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Id.* (citations omitted).  "[P]rior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (internal quotations and citation omitted, alterations in original).  Ultimately, "[t]he decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015).

## II.   <u>Willfulness</u>

The Court's first inquiry is whether Defendant's default was willful.  In this, "Defendant's failure to appear, failure to respond to the Complaint, and failure to respond to the instant motion sufficiently demonstrate willfulness." *Krevat*, 2014 WL 4638844, at *6 (citation omitted); *see also S.E.C. v. McNulty*, 137 F.3d 732, 738-39 (2d Cir. 1998) ("willful" default found when "the conduct of counsel or the litigant was egregious and was not satisfactorily explained," such as "for flimsy reasons, [failure] to comply with scheduling orders," or failing to answer a complaint after evading service for months); *Mason Tenders Dist. Council v. Duce Const. Corp.*, No. 02Civ.9044(LTS)(GWG), 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003) ("Defendants, having failed to respond in any way to the Summons and Complaint or otherwise make any appearance in this action

and having failed to provide any explanation for its failure to defend, have defaulted willfully.").

Plaintiff has submitted proof of service showing that the summons and complaint were served on Defendant. (Dkt. 29). Moreover, Plaintiff's motion for default judgment and the motion scheduling order were served on Defendant at his last known address. (Dkt. 57). Defendant did not respond to either the summons and complaint, or the motion for default judgment. Thus, the Court concludes that Defendant's default was willful.

### III.    **Meritorious Defenses**

The Court next considers whether Defendant has meritorious defenses to Plaintiff's claims. "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (quotation and citation omitted). "While a defendant need not establish his defense conclusively, he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Krevat*, 2014 WL 4638844, at *6 (quotation and citation omitted).

"[W]here a defendant fails to answer the complaint, a court is unable to make a determination whether the defendant has a meritorious defense to the plaintiff's claims, which circumstance weighs in favor of granting a default judgment." *Id.*

> The fact that a complaint stands unanswered does not, however, suffice to establish liability on [the] claims: a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading. With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.

- 6 -

*Said v. SBS Elecs., Inc.*, No. CV08-3067 RJD JO, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010), *adopted as modified*, No. 08 CV 3067 RJD JO, 2010 WL 1287080 (E.D.N.Y. Mar. 31, 2010); *see also Krevat*, 2014 WL 4638844, at *7 ("Even if a plaintiff's claims are deemed admitted, a plaintiff must demonstrate that the allegations set forth in the complaint state valid claims.").

Thus, the Court must assess whether Plaintiff's allegations, accepted as true, demonstrate Defendant committed each cause of action alleged in the complaint.

## A. <u>Warrantless Arrest Without Probable Cause in Violation of the Fourth Amendment Under 42 U.S.C. § 1983</u>

"[A]n arrest [without a warrant] must be supported by probable cause or else it violates the Fourth Amendment." *United States v. Valentine*, 539 F.3d 88, 93 (2d Cir. 2008). "Probable cause to arrest a person exists if the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested." *Id.* at 93 (internal quotation marks omitted).

Defendant did not have a warrant, nor did he have probable cause to arrest Plaintiff. Plaintiff was unarmed and had not engaged in any criminal activity. (Dkt. 2-1 at ¶¶ 22-25). Although initially purportedly[2] believing that Plaintiff matched the description of a wanted individual, McAvoy confirmed Plaintiff's identity. (Dkt. 2-1 at ¶¶ 34-35). Then

---

[2]    McAvoy later testified that "the officers were familiar with Barret, the individual who they claimed to initially mistake [Plaintiff] for." (Dkt. 2-1 at ¶ 188).

Defendant confronted Plaintiff without justification, assaulted him, and aided in his arrest. (*Id.* at ¶¶ 42-70, 86-88). Although charged with crossing the street outside a crosswalk and impeding a vehicle's path (*id.* at ¶ 143), the charges were dismissed because the allegations in the accusatory instrument did not establish reasonable cause to believe that Plaintiff committed the offenses charged (*id.* at ¶ 151). In fact, McAvoy later testified under oath to facts contradicting those alleged in the accusatory instrument and conceded that he had made the allegations based on Defendant's hearsay statements. (*Id.* at ¶¶ 186-187).

Thus, based on the well-pleaded allegations in the complaint, Defendant violated Plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983 when arresting him without a warrant and without probable cause, based on false charges that he had crossed a street outside a crosswalk and impeded a vehicle's path.

### B. <u>False Arrest and False Imprisonment Under New York State Law</u>

"[F]alse arrest is considered a kind of false imprisonment, and the claims are analyzed in an identical fashion." *Smith v. City of N.Y.*, No. 13-CV-2395, 2014 WL 4904557, at *3 (E.D.N.Y. Sept. 30, 2014) (citing *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995)). "To state a claim for false arrest under New York law, a plaintiff must show that (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Savino v. City of N.Y.*, 331 F.3d 63, 75 (2d Cir. 2003) (internal quotation marks omitted). "[A]n act of confinement is privileged if it stems from a lawful arrest supported by probable cause." *Cohen v. United States*, 640 F. Supp. 3d 324, 344 (S.D.N.Y. 2022), *aff'd sub nom. Cohen v. Trump*, No. 23-35, 2024 WL

20558 (2d Cir. Jan. 2, 2024), *cert. denied*, No. 24-41, 2024 WL 4529814 (U.S. Oct. 21, 2024).

Plaintiff's allegations establish the claim for false arrest and false imprisonment. Defendant intended to confine Plaintiff when he restrained Plaintiff. (*See* Dkt. 2-1 at ¶ 55); *Ozga v. Elliot*, 150 F. Supp. 3d 178, 187 (D. Conn. 2015) ("[A] seizure occurs if the police intentionally terminate one's freedom of movement by means of physical force or restraints."). Plaintiff was conscious of the confinement and did not consent to the confinement as shown by Plaintiff yelling repeatedly that Defendant had his identification and begging him to stop. (Dkt. 2-1 at ¶¶ 51, 54, 58, 61, 64, 69, 75); *Wong v. Yoo*, 649 F. Supp. 2d 34, 59 (E.D.N.Y. 2009) ("There is no dispute that defendant Yoo intentionally confined plaintiff when he either handcuffed him or caused him to be handcuffed and placed him in the police car, and that plaintiff was conscious of the confinement and protested his innocence."). Finally, the confinement was not otherwise privileged. Defendant did not have probable cause to arrest Plaintiff. *Cf. Harris v. City of N.Y.*, No. 20-CV-784 (ARR) (PK), 2022 WL 462391, at *3 (E.D.N.Y. Feb. 15, 2022) ("[T]he existence of probable cause at the time of a person's arrest is an absolute defense to a claim of false arrest.").

## C. Excessive Force in Violation of the Fourth Amendment Under 42 U.S.C. § 1983 and Assault and Battery

"[E]xcept for § 1983's requirement that the tort be committed under color of state law, the elements for a claim of assault and battery against law enforcement officers under New York law and a claim of excessive force under § 1983 are the same." *Cabral v. City*

*of N.Y.*, No. 12 Civ. 4659(LGS), 2014 WL 4636433, at *10 (S.D.N.Y. Sept. 17, 2014) (internal quotations and citation omitted, alteration in original).

"Both require [the plaintiff] to show that the officers' use of force was objectively unreasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *See Hershey v. Goldstein*, 938 F. Supp. 2d 491, 519 (S.D.N.Y. 2013) (internal quotations and citations omitted). "Determining whether the officer's use of force was reasonable is a fact-intensive inquiry in which the court should consider the nature of the crime, whether the suspect was a threat to the safety of the officers or to others, and whether the suspect was attempting to resist or evade arrest." *C.G. ex rel. Gonzalez v. City of N.Y.*, No. 12-CV-1606 ARR VVP, 2013 WL 5774291, at *7 (E.D.N.Y. Oct. 24, 2013).

Plaintiff at most ignored Defendant's command to produce his identification, after Plaintiff had already shown the identification to McAvoy. (Dkt. 2-1 at ¶¶ 42-45). Plaintiff was not a threat to the safety of the officers or to others. Defendant followed Plaintiff from behind, pulled Plaintiff down onto the concrete sidewalk, and beat Plaintiff while he was restrained. (*Id.* at ¶¶ 43, 52, 55). Defendant punched Plaintiff in the head and used both hands to hold Plaintiff's head against the sidewalk. (*Id.* at ¶¶ 56-57). Defendant then shot Plaintiff with a taser. (*Id.* at ¶ 62). Plaintiff did not fight back, nor did he threaten to hit the officers. (*Id.* at ¶ 59).

Under the circumstances of the well-pleaded allegations, Defendant's use of force was plainly unreasonable. *Outlaw v. City of Hartford*, 884 F.3d 351, 367 (2d Cir. 2018) ("no competent police officer could have failed to comprehend [that the constitutional

prohibition against use of excessive force in making an arrest] would encompass repeatedly beating an unresisting, supine, jaywalking suspect with a stick"); *Meli v. City of Burlington, Vermont*, 585 F. Supp. 3d 615, 632 (D. Vt. 2022), *appeal dismissed*, No. 22-423, 2023 WL 5572582 (2d Cir. July 27, 2023) ("taking an arrestee to the ground who is not violent, resisting, or posing a threat to officers or the public violates clearly established law"); *Jackson v. Tellado*, 236 F. Supp. 3d 636, 663 (E.D.N.Y. 2017) ("an officer punching someone in the face unprovoked violates that person's rights").

Finally, with respect to the § 1983 claim, Defendant was acting under color of state law in his capacity as an RPD police officer. *See Gomez v. City of N.Y.*, No. 15-CV-7524 (JPO), 2017 WL 3736693, at *4 (S.D.N.Y. Aug. 29, 2017) (noting that the traditional color of law factors include whether the defendant identified himself as a police officer, whether plaintiff knew that the defendant was a police officer, or whether the defendant drew a firearm or arrested the plaintiff).

Plaintiff has thus met his burden as to the assault and battery and § 1983 excessive force claims.

### D.  <u>Malicious Prosecution Under New York State Law and 42 U.S.C. § 1983</u>

"Claims of malicious prosecution arising under Section 1983 are governed by the same standard applied under New York state law." *Fiedler v. Incandela*, 222 F. Supp. 3d 141, 162 (E.D.N.Y. 2016) (citing *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995)). "[M]alicious prosecution under federal and state law includes four elements: '(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding;

and (4) actual malice as a motivation for defendant's actions.'" *Harris v. Tioga Cnty.*, No. 23-503, 2024 WL 4179651, at *2 (2d Cir. Sept. 13, 2024) (quoting *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003)).

"A defendant initiates a proceeding when he play[s] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Buari v. City of N.Y.*, 530 F. Supp. 3d 356, 383 (S.D.N.Y. 2021) (citation and internal quotations omitted, alteration in original); *see Bermudez v. City of N.Y.*, 790 F.3d 368, 377 (2d Cir. 2015) ("While police officers do not generally 'commence or continue' criminal proceedings against defendants, a claim for malicious prosecution can still be maintained against a police officer if the officer is found to 'play[ ] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.'") (citation omitted). "A claim for malicious prosecution against a police officer requires some showing that the defendant distorted the process by which [the] plaintiff was brought to trial." *Buari*, 530 F. Supp. at 383 (citation and internal quotation marks omitted).

Plaintiff has failed to allege or establish that Defendant played an active role in Plaintiff's prosecution. McAvoy filed the accusatory instrument and other paperwork against Plaintiff. (Dkt. 2-1 at ¶ 140). Plaintiff has alleged no facts that Defendant was involved in Plaintiff's prosecution outside the initial arrest. *See Angevin v. City of N.Y.*, 204 F. Supp. 3d 469, 481 (E.D.N.Y. 2016) (holding that the defendant did not play an active role in the prosecution when he merely conducted the initial investigation and made the decision to arrest the plaintiff); *Costello v. Milano*, 20 F. Supp. 3d 406, 419 (S.D.N.Y. 2014) ("There is no evidence that Officer Sanchez initiated Plaintiff's prosecution for any

- 12 -

of the crimes with which Plaintiff was charged by, *e.g.*, signing a charging instrument, discussing Plaintiff's prosecution with the DA's Office or involving himself in Plaintiff's prosecution in any other way.").

Thus, Plaintiff has failed to establish his entitlement to default judgment with regard to the claims for malicious prosecution under New York state law and 42 U.S.C. § 1983.

## IV.    Prejudice

Finally, the Court finds that Plaintiff would be prejudiced in the absence of a default judgment. *See*, *e.g.*, *Broadcast Music, Inc. v. Bayside Boys, Inc.*, No. 12-CV-03717 (CBA)(VMS), 2013 WL 5352599, at *5 (E.D.N.Y. Sept. 23, 2013) ("[I]n light of the defaulting Defendants' failure to respond and Plaintiffs' efforts to prosecute their case, ignoring the default would prejudice Plaintiffs in that they have expended time and money in prosecuting this case; they deserve an adjudication; and Defendants' infringing conduct is likely ongoing.").

Based on the foregoing, the Court concludes that Plaintiff is entitled to default judgment as to his false arrest and false imprisonment claims, § 1983 Fourth Amendment claim for a warrantless arrest without probable cause, and assault and battery and § 1983 excessive force claims; however, he is not entitled to default judgment on the malicious prosecution claims under state law and § 1983.

## V.    Damages

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). "There

- 13 -

must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete*, 699 F.3d at 234. In other words, while "Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory" and instead it lies within a district court's sound discretion to determine "when it is 'necessary and proper' to hold an inquest on damages." *Id.* (quotation and citation omitted).

Of course, "a court must ensure that there is an adequate basis for the damages sought by a plaintiff before entering judgment in the amount demanded." *Ditech Fin. LLC v. Singh*, No. 15-CV-7078 (FB) (SMG), 2017 WL 4271655, at *4 (E.D.N.Y. Sept. 6, 2017), *report and recommendation adopted*, 2017 WL 4233023 (E.D.N.Y. Sept. 22, 2017). "A plaintiff's statement as to the amount of damages alone does not provide the requisite reasonable certainty." *RGI Brands LLC v. Cognac Brisset-Aurige, S.a.r.l.*, No. 12 CIV. 1369 LGS AJP, 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013), *report and recommendation adopted*, No. 12 CIV. 01369 LGS, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013). "Where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, the court should decline to award any damages, even though liability has been established through default." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012).

The record is not sufficient for the Court to assess damages. Therefore, by separate order, the Court will schedule an appearance to discuss the procedure for assessing what, if any, damages Plaintiff may recover.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment (Dkt. 55) is granted as to his false arrest and false imprisonment claims, Fourth Amendment claim under § 1983 for a warrantless arrest without probable cause, and assault and battery and § 1983 excessive force claims, but it is denied as to his malicious prosecution claims under state law and § 1983.

Plaintiff shall serve a copy of this Decision and Order on Defendant at his last known address and shall file proof of service of the same.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:       December 3, 2024
             Rochester, New York